Nash, J.
 

 The only question presented in this case, is as to the nature and extent of the estate, taken by the plaintiff in the land devised him by William Spruill, the defendantfstestator. Is it such an estate, as is described in thebond on which the action is brought? The condition of the bond is, if William Spruill devises at “his decease, the plantation on which Uzziah Spruill lived last, to Colin Spruill in fe.e simple, &c.” The words are precise and-unaccompanied by any others calculated to obscure or throw doubt upon their meaning. William Spruill bound himself, under a penalty by his will, to give the specified land to Colin Spruill in fee simple. There is no dispute as to the land devised being that mentioned in the contract. Justice Blackstone defines a tenant in fee simple to be, he who hath lands tenements or hereditaments, to hold to ■him and his heirs forever, generally, absolutely and simply. 2 B. C., 105. So that upon his death, intestate, it shall go as the law directs, to his heir. Such was the estate which William Spruill contracted to devise to the plaintiff. Has he done só? The first part of the devise is to Colin Spruill of the land generally, and would, under our act of Assembly, assuredly pass the fee simple in the land to the devisee. Rev. Stat., ch. 122, s. 10. But the statute in the same section provides, that such shall not be the case, when the devise shall show, or it shall plainly appear in the devise, or in some other part of the will, that the testator intended to convey an estate pf less dignity. If the devise had stopped at the word “ Road/’ as there
 
 *148
 
 is no other clause in the will controlling the meaning of the part, a fee simple would hare been conveyed to Colin Spruill. But the testator goes on to provide “if Colin ^ gpruj¡j should die without leaving a child or children living at his death, then I give the said plantation to my guardian, William Spruill, his heirs and assigns forever.” These words control and limit the preceding devise to Colin, so as to make that, which would have been absolute, conditional, upon the event of his dying leaving a child surviving him. Colin Spruill, under the devise, fakes an estate in fee, defeasible upon the event of his death without leaving a child. If he die leaving no child, the inheritance does not descend to his heirs, but by the express provisions of the will, it is taken from them and given to William Spruill. This devise to William is a good executory devise, and upon the occurring of the contingency transfers the estate to him and his heirs.
 
 Roe on dem. of Sheers against Jeffery, 7
 
 Term R. 589.
 
 Eastman against Baker,
 
 1 Taunt. 174.
 
 King
 
 v. Frost, 3 Barn, and Al. 54. In the language of Chief Justice Abbott in the last case, it appears to me to have been the plain intention of the testator, that at the period of the death of Colin E. Spruill, it should be ascertained, whether the estate, devised to him by the will, should then vest in him in fee absolutely, or pass on to some other person, his grandson William Spruill. This is not the estate, which the obligor William Spruill had bound himself to convey to the plaintiff. The condition of the bond, therefore, has not been by him performed. The plain tiff is entitled to his action.
 

 The case further states that upon the death of William Spruill the testator, the plaintiff took possession of the land devised to him and that his interest in it is equal to the penalty of the bond. It appears likewise from the will that the testator bequeathed to the plaintiff a negro. It is not for us to decide, sitting as we are, as a court of law, what a court of equity could or would do. We have no power hefe.fo put the plaintiff to his election to take either his bond or the land and negro. Nor does it make any difference so far as the decision of
 
 *149
 
 the case is concerned, that Colin Spruill is still alive, and may have or leave a child or children surviving him, in which case his estate, which is now defeasible, will become indefeasible. Our only enquiry is, has the condition of the bond been broken? We are clearly of opinion that it has, and that a present right of action on the bond has accrued to the plaintiff.
 

 We entirely agree with his honor, who tried the casein the Superior Court, both as to the true construction of the devise and as to the principle upon which the plaintiff’s damages are to be assessed.
 

 Per Curiam, Judgment affirmed.